**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RENE A. VICTORIA RODRIGUEZ,<br>Petitioner,<br>v.<br>ANGELA HOOVER, et al.,<br>Respondents. | CIVIL ACTION NO. 3:26-CV-02325<br>(MEHALCHICK, J.) |

**MEMORANDUM**

Petitioner Rene A. Victoria Rodriguez ("Victoria Rodriguez") brings this petition for writ of habeas corpus. (Doc. 1). On August 12, 2026, Victoria Rodriguez filed the instant petition, requesting that Respondents Angela Hoover ("Hoover") and Brian McShane ("McShane")[1] release him from custody at the Clinton County Correctional Facility in McElhattan, Pennsylvania, or provide him with a bond hearing. (Doc. 1, at 8). The

[1] The proper respondent in this case is Hoover, Warden of the Clinton County Correctional Facility. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); 28 U.S.C. § 2243 ("[t]he writ, or order to show cause shall be directed to the person having custody of the person detained"); *see Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3d Cir. 2021) ("if a § 2241 petitioner does not adhere to the immediate custodian rule, then the district court lacks jurisdiction to entertain the petition"). As Victoria Rodriguez is detained at the Clinton County Correctional Facility, Hoover is the proper respondent. (Doc. 1, at 1); *see Rumsfeld*, 542 U.S. at 434. As such, McShane is **DISMISSED**. However, the government will be bound by the Court's judgment because Hoover is acting as an agent of the federal government by detaining Victoria Rodriguez on behalf of Immigration and Customs Enforcement ("ICE"). *See Madera v. Decker*, 18 Civ. 7314, 2018 WL 10602037, at *9-*10 (S.D.N.Y. Sep. 28, 2018) (finding the warden acts as an agent of the ICE regional director when ICE makes initial custody determinations including setting of a bond and review of conditions of release); *Santana-Rivas v. Warden of CVictoria Rodriguezton Cnty. Corr. Facility*, 3:25-cv-01896, 2025 WL 3522932, at *8 (M.D. Pa. Nov. 13, 2025), *adopted in part, rejected in part*, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (finding same).

government filed a timely response to Victoria Rodriguez's petition on August 20, 2026 (Doc. 4), and on August 21, 2026 Victoria Rodriguez filed a traverse. (Doc. 5). For the following reasons, Victoria Rodriguez's petition (Doc. 1) is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following background is derived from Victoria Rodriguez's petition and traverse, Hoover's response, and the exhibits thereto. (Doc. 1; Doc. 4; Doc. 5). Victoria Rodriguez is a citizen of the Dominican Republic, who entered the United States on or about June 23, 2013, as a lawful permanent resident. (Doc. 1, at 3; Doc. 4, at 2). On August 2, 2023, Victoria Rodriguez pled guilty to conspiracy to commit bank fraud and on February 22, 2024, was sentenced to thirty-eight months imprisonment. (Doc. 1, at 5; Doc. 4, at 2-3). On May 20, 2026, the Federal Burrough of Prisons released Victoria Rodriguez from criminal custody and ICE detained him that same day. (Doc. 1, at 6; Doc. 4, at 3). Victoria Rodriguez is detained pursuant to 8 U.S.C. 1226(c) and does not have a final order of removal. (Doc. 1, at 2; Doc. 4, at 4, 7).

## II. LEGAL STANDARD

28 U.S.C. § 2241 governs district courts' power to grant the writ of habeas corpus. Under 28 U.S.C. § 2241(b), the writ of habeas corpus extends to petitioners "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States." Claims where non-citizens challenge immigration enforcement-related detention "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas." *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 159, 167 (2022)). "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *J. G. G.*, 604 U.S. at 672. While reviewing a

noncitizen's habeas petition, courts evaluate whether the government complied with regulatory, statutory, and constitutional protections for noncitizens. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349 (S.D.N.Y. 2019) (finding ICE failed to comply with regulatory and constitutional notice requirements prior to detaining a non-citizen petitioner and granting the petitioner's habeas petition). A court may order a bond hearing if it determines that a noncitizen habeas petitioner is entitled to one under relevant constitutional or statutory protections. *See A.L. v. Oddo*, 761 F. Supp. 3d 822, 827 (W.D. Pa. 2025) (finding that a noncitizen habeas petitioner was entitled to a bond hearing under the Due Process Clause of the Fifth Amendment); *see also Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *2 (E.D. Pa. Nov. 13, 2025) (finding a habeas petitioner was entitled to a bond hearing under relevant statutory protections).

## III. Jurisdiction

"[F]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). 28 U.S.C. § 2241 empowers federal courts to grant writs of habeas corpus where a petitioner is "in custody under or by color of the authority of the United States. . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Recently, in *Khalil v. President, United States*, 164 F.4th 259, 273 (3d Cir. 2026), the Third Circuit determined that the INA strips district courts of subject matter jurisdiction to hear claims arising from removal actions or proceedings, when the claims could be addressed on a petition for review of a final order of removal ("PFR").

Habeas actions based on whether a petitioner is subject to unconstitutionally lengthy detention remain in the jurisdiction of district courts. *Kahlil*, 164 F.4th at 277-79 (holding detention-specific claims, like length and conditions-of-confinement claims, do not arise from removal proceedings and can be addressed by district courts); *see Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (finding 8 U.S.C. § 1252(b)(9) does not present a jurisdictional bar to challenges unrelated to review of an order of removal, the government's decision to detain in the first place, and the process by which removability will be determined). The question of whether a petitioner's detention has been unconstitutionally long is wholly collateral to removal proceedings and cannot be meaningfully reviewed on a PFR. *Kahlil*, 164 F.4th at 278-79 (finding that length of confinement without a bond hearing claim "does not get channeled into the PFR review process"). Victoria Rodriguez's petition is soundly before the Court because Victoria Rodriguez filed the instant petition while detained within the jurisdiction of the Court, is still currently detained by ICE, and asserts that his continued detention violates due process. *See J. G. G.*, 604 U.S. at 672 (acknowledging that immigration-related detainees' claims "fall within the 'core' of the writ of habeas corpus") (quoting *Nance*, 597 U.S. at 167); *see also Kahlil*, 164 F.4th at 274-79.

## IV. <u>Discussion</u>

Victoria Rodriguez contends that his prolonged mandatory detention is in violation of the INA and the Due Process Clause of the Fifth Amendment as described by the factors articulated by the Third Circuit in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 208 (3d Cir. 2020).[2] (Doc. 1, at 6-7). Hoover counters that Victoria Rodriguez's

[2] The Court notes that Victoria Rodriguez argues that if he is not subject to relief under *German Santos*, he is subject to release under 8 U.S.C. § 1226(a). (Doc. 1, at 7-8). However, noncitizens previously convicted of an aggravated felony are subject to detention under §

mandatory detention under 8 U.S.C. § 1226(c) is constitutional because it has not been prolonged or arbitrary. (Doc. 4, at 7-15, 18-23). Hoover also avers that Victoria Rodriguez's claim is a substantive, not procedural due process claim, and that Victoria Rodriguez has no substantive due process right to a bond hearing. (Doc. 4, at 15-18).

The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property without due process of law." U.S. Const. amend. V. The Due Process Clause of the Fifth Amendment "applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). While it is well established that the Fifth Amendment entitles noncitizens to due process of law in deportation proceedings, the Supreme Court has recognized that detention during deportation proceedings is a constitutionally valid aspect of the deportation process. *Demore v. Kim*, 538 U.S. 510, 523 (2003). Detention of noncitizens pending their removal proceedings serves the purpose of preventing noncitizens from fleeing before or during the removal proceedings. *Demore*, 538 U.S. at 528. However, the Due Process Clause limits detention without a bond hearing to a "reasonable period." *Santos*, 965 F.3d at 208. Therefore, due process affords detained noncitizens a bond hearing once the length of their detention becomes unreasonable. *Santos*, 965 F.3d at 211.

---

1226(c). *See* 8 U.S.C. § 1226(c)(1)(B) (stating that individuals who committed an offense listed under 8 U.S.C. § 1227(a)(2)(A)(iii) are detained under § 1226(c) and § 1227(a)(2)(A)(iii) lists aggravated felonies). Conspiracy to commit bank fraud resulting in losses to the victim exceeding $10,000 constitutes an aggravated felony. *See Mintu v. Att'y Gen. of United States*, 783 F. App'x 202, 204 (3d Cir. 2019) (nonprecedential) (finding that a noncitizen who pled guilty to conspiracy to commit bank fraud involving over $10,000 in losses was convicted of an aggravated felony). Victoria Rodriguez pled guilty to conspiracy to commit bank fraud resulting in losses exceeding $10,000. (Doc. 1, at 5; Doc. 4, at 2-3; Doc. 4-2, at 37). Thus, Victoria Rodriguez is subject to detention pursuant to § 1226(c), not § 1226(a). *See* 8 U.S.C. § 1226(c)(1)(B); 8 U.S.C. § 1227(a)(2)(A)(iii).

Section 1226(c) of the INA provides for the mandatory detention of, among others, noncitizens convicted of certain crimes during removal proceedings. 8 U.S.C. § 1226(c); *Jennings*, 583 U.S. at 305. Although 8 U.S.C. § 1226(c) provides for mandatory detention and the Supreme Court has determined that "[d]etention during removal proceedings is a constitutionally permissible part of" the removal process, prolonged detention raises due process concerns. *Demore*, 538 U.S. at 531; *Santos*, 965 F.3d at 210. Noncitizens detained under § 1226(c) have the basic due process right to an individualized bond determination once the length of their detention becomes unreasonable. *Santos*, 965 F.3d at 210-11. To determine whether a noncitizen's detention under § 1226(c) has become unreasonable, courts evaluate four factors established by the Third Circuit in *German Santos*: (1) the length of the detention; (2) whether the detention is likely to continue; (3) the reasons for any delay that prolongs detention; and (4) whether the noncitizen's conditions of confinement are meaningfully different from criminal punishment. 965 F.3d at 211. The Court will evaluate each *German Santos* factor to determine whether Victoria Rodriguez's detention has become unreasonable.

A. <u>LENGTH OF DETENTION</u>

Victoria Rodriguez contends that his mandatory detention has reached an unreasonable length. (Doc. 1, at 7). Hoover counters that Victoria Rodriguez has only been detained for three months which is not presumptively unreasonable. (Doc. 4, at 20-22).

The Third Circuit has identified the first *German Santos* factor, duration of detention, as the "most important factor" in evaluating the reasonableness of a noncitizen's detention during removal proceedings. *Santos*, 965 F.3d at 211. While the Third Circuit has not adopted a presumption of reasonableness or unreasonableness for any duration of detention, the Third

Circuit has found that detention becomes increasingly suspect after five months. *Santos*, 965 F.3d at 211 (citing *Demore*, 538 U.S. at 515; *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433-34 (3d Cir. 2026) (citing *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469 (3d Cir. 2015)) (re-affirming that detention without opportunity for bond becomes unreasonable between six months and one year after it began).

Victoria Rodriguez has been in ICE custody for a little over three months. (Doc. 1, at 6; Doc. 4, at 3). Courts in the Third Circuit have generally found that a petitioner being subject to detention of less than five months weighs the first factor against ordering relief and have found that, absent a compelling showing on the remaining *German Santos* factors, detention lasting less than five months warrants denying relief. *See Dorcilhomme v. Bondi*, No. 3:26-CV-00663, 2026 WL 1998736, at *2 (W.D. Pa. July 10, 2026) (stating "[w]hile detention for four months is no doubt a hardship, the Court finds that it has not yet reached the point of unreasonableness requiring a bond hearing particularly because there is no evidence in the record that Respondents have improperly or unreasonably delayed the regular course of Petitioner's deportation proceedings"); *see also Ferreira v. Lowe*, No. 3:26-CV-1424, 2026 WL 1734863, at *2 (M.D. Pa. June 16, 2026) (stating "[a]lthough Petitioner established that his detention is likely to continue, and that the conditions of his confinement are indistinguishable from criminal punishment, he has been detained for less than two months. On balance, the Court finds that Petitioner is not entitled to habeas relief at this time"); *see also Wahi v. Pittman*, No. CV 24-10314 (MAS), 2025 WL 62914, at *3 (D.N.J. Jan. 8, 2025), *reconsideration denied*, No. CV 24-10314 (MAS), 2025 WL 834889 (D.N.J. Mar. 17, 2025) (finding slightly over three months of detention was insufficient to weigh to weigh the

duration of detention factor in favor of relief). Accordingly, the Court finds that the first factor weighs against granting relief.

B. Likelihood of Continued Detention

Victoria Rodriguez contends that without relief from the Court, his detention is likely to extend throughout his removal proceedings. (Doc. 1, at 7). According to Victoria Rodriguez, his removal proceedings could continue for months because he appealed his final order of removal. (Doc. 1, at 7). The government contends that this factor weighs against granting relief because an immigration judge already ordered removal and Victoria Rodriguez will be removed once the BIA resolves his appeal. (Doc. 4, at 22-23).

When a noncitizen's removal proceedings are unlikely to end soon, continued detention without a bond hearing weighs towards a finding of unreasonable detention. *Santos*, 965 F.3d at 211. Courts in the Third Circuit have found that an immigration detainee appealing his or her order of removal creates a likelihood of continued detention that favors granting habeas relief. *See Ferreira v. Lowe*, No. 3:26-CV-1424, 2026 WL 1734863, at *2; *see also J.G.J. v. Sage*, No. 3:26-cv-706, 2026 WL 915576, at *10 (M.D. Pa. April 3, 2026) (citing *Joseph v. Warden*, No. 3:25-cv-02428, 2026 WL 497532, at *2 (M.D. Pa. Feb. 23, 2026)). Further, delays of an undefined duration continue to accrue during administrative proceedings that may be necessary following an appellate court decision. *Bah v. Doll*, No. 3:18-CV-1409, 2018 WL 6733959, at *8 (M.D. Pa. Oct. 16, 2018).

As a result of his appeal to the BIA, Victoria Rodriguez's order of removal is not yet final, and he remains in pre-order of removal detention. 8 C.F.R. § 1241.1(c); *see J.G.J. v. Sage*, 2026 WL 915576, at *10. At this time, the undersigned cannot determine precisely how long Victoria Rodriguez's removal proceedings will remain pending. However, according to the

Justice Department's website, the briefing in Victoria Rodriguez's BIA appeal is due on September 9, 2026, so Victoria Rodriguez's detention is likely to continue for another month at the very least. Automated Case Information, Executive Office of Immigration Review, https://acis.eoir.justice.gov/en/caseInformation/(last visited August 26, 2026). Accordingly, the Court finds that the likelihood of continued detention factor weighs in favor of granting relief.

C. Reasons for Delays

Victoria Rodriguez contends that his good-faith pursuit of relief should not be held against him in weighing the reasons for delays. (Doc. 1, at 7). The government avers that it has not intentionally delayed or unreasonably prolonged Victoria Rodriguez's proceedings. (Doc. 4, at 23).

In evaluating the third *German Santos* factor, courts look at the reasons for the delay, such as a detainee's request for continuances or bad-faith errors in the removal proceedings that caused unnecessary delay. *Santos*, 965 F.3d at 211. Courts should not hold a noncitizen's good-faith challenge to removal against him, even when his appeals or petitions for review have drawn out the proceedings. *Santos*, 965 F.3d at 211. Courts should also decline to hold legal errors against the government unless there is evidence of carelessness or bad faith. *Santos*, 965 F.3d at 211. Nevertheless, detention can still grow unreasonable in the absence of governmental bad faith. *Santos*, 965 F.3d at 211.

While Victoria Rodriguez's removal proceedings have been ongoing for three months, the government has not demonstrated carelessness or bad faith that would cause unnecessary delay. *See Santos*, 965 F.3d at 212 (citing *Diop*, 656 F.3d at 224-25) (finding unnecessary delay where an immigration judge repeatedly issued decisions that were so unclear that they

required remands for clarification and the government was slow to produce evidence relevant to whether petitioner was properly detained). Likewise, Victoria Rodriguez's appeal to the BIA should not be held against him in evaluating the reasons for delay. *See Santos*, 965 F.3d at 211. Accordingly, the reasons for the delay of Victoria Rodriguez's removal proceedings are a neutral factor in weighing whether Victoria Rodriguez's detention is unreasonable.

D. CONDITIONS OF CONFINEMENT

Hoover contends that the conditions of Victoria Rodriguez's detention are not punitive because Victoria Rodriguez is not confined to his cell for twenty-three hours a day and thus, this factor against granting relief. (Doc. 4, at 22). To evaluate the conditions of confinement, courts examine whether the noncitizen's conditions of confinement are "meaningfully different" from criminal punishment. *Santos*, 965 F.3d at 211. If a noncitizen's civil detention under § 1226(c) looks penal, that shifts the scale towards finding the detention unreasonable. *Santos*, 965 F.3d at 211. When an immigration detainee is housed in a criminal facility among criminal detainees, their conditions do not meaningfully differ from criminal punishment. *Santos*, 965 F.3d at 212; *Lopez v. Warden, Pike Cnty. Corr. Facility*, No. 3:26-cv-673, 2026 WL 1147839, at *3 (M.D. Pa. April 28, 2026). The Clinton County Correctional Facility is a county jail that houses criminal detainees alongside civil immigration detainees and courts in the Middle District have found that civil detention in the Clinton County Correctional Facility is not meaningfully different than criminal detention in the facility. *See Yirenkyi v. Hoover*, No. 3:25CV2414, 2026 WL 268230, at *5 (M.D. Pa. Feb. 2, 2026); *see also Dong v. Hoover*, No. CV 1:25-82, 2026 WL 711692, at *4 (M.D. Pa. Mar. 13, 2026) *see also Rodriguez v. Hoover*, No. 3:26-CV-01207, 2026 WL 1454166, at *5 (M.D. Pa. May 22, 2026).

The Court is not persuaded by Hoover's argument that Victoria Rodriguez's detention is not penal because he is not confined to his cell for twenty-three hours a day. (Doc. 4, at 23). An immigration detainee need not be subject to extreme punitive conditions, such as twenty-three hours of confinement a day, for their detention to be akin to criminal punishment. *Lopez,* 2026 WL 1147839, at *3. Victoria Rodriguez is detained at the Clinton County Correctional Facility alongside criminal detainees. (Doc. 1, at 6). Accordingly, the Court finds Victoria Rodriguez's conditions of confinement to be indistinguishable from criminal punishment, weighing in favor of unreasonable detention. *See Yirenkyi,* 2026 WL 268230, at *5; *see also Dong,* 2026 WL 711692, at *4; *see also Rodriguez,* 2026 WL 1454166, at *5.

Taking the four *German Santos* factors together, the length of detention factor weighs against granting relief, the reason for delay factor is neutral, and the likelihood of continued detention and conditions of confinement factors weigh in favor of release. Courts in the Third Circuit have generally denied habeas petitions under *German Santos* where the petitioner has been detained for less than five months and the only arguments in favor of relief are that detention may be continued by pending appeals and the defendant is housed in a federal correctional facility used for both civil and criminal detention. *See Ferreira,* 2026 WL 1734863, at *2 (denying a petition where a petitioner was detained for less than five months even though the likelihood of continued confinement and conditions of confinement prongs weighed in favor of release); *see also Dorcilhomme,* 2026 WL 1998736, at *2 (finding that a petitioner detained for four months wasn't entitled to release under German Santos even though detention was likely to continue due to him not having a final order of removal). Victoria Rodriguez's petition for writ of habeas corpus (Doc. 1) is **DENIED.** However, the Court notes that length of detention is the "most important [*German Santos*] factor." *Santos,* 965 F.3d

at 211. If Victoria Rodriguez remains detained past the Third Circuit's five-month, presumptively reasonable period, the Court's analysis could change. Accordingly, the petition is **DENIED without prejudice** to Victoria Rodriguez's ability to reopen this matter if he remains detained past that point.[3]

## V. CONCLUSION

For the foregoing reasons, Victoria Rodriguez's petition for writ of habeas corpus (Doc. 1) is **DENIED without prejudice** to his ability to reopen this matter should the government continue to detain him beyond the Third Circuit's presumptively reasonable five-month detention period.

An appropriate order follows.

**BY THE COURT:**

**Dated: August 28, 2026**

/s/ Karoline Mehalchick
**KAROLINE MEHALCHICK**
**United States District Judge**

[3] Hoover argues that the Court cannot issue further orders not to transfer Victoria Rodriguez. (Doc. 4, at 25). Victoria Rodriguez responds that he does not request such an order so the Court need not address this issue. (Doc. 5, at 4).